IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYRONE EUGENE YATES,**

    **Petitioner,**

v.                                                                **Civil Action No. 3:10-cv-14 and
3:06-cr-20
(Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Doc. 91]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on May 3, 2011 [Cr. Doc. 91]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's Motion to Vacate, Set Aside or Correct Sentence [Cr. Doc. 80].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on May 6, 2011 [Cr. Doc. 92]. The petitioner timely filed his objections on May 20, 2011 [Cr. Doc. 93]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

**Factual and Procedural History**

On November 7, 2006, petitioner signed a plea agreement, agreeing to plead guilty to possession with intent to distribute two ounces of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), which was Count Four of a four-count superseding indictment [Cr. Doc. 31 at 1]. In the plea agreement, the petitioner waived his right to appeal and to collaterally attack his sentence [*Id.* at 3-4]. This plea agreement was entered in open court on November 13, 2006 [Cr. Doc. 75 at 5]. At the time of the plea hearing, petitioner was thirty-years old and informed the court that he gone to school to the twelfth grade [*Id.*]. It was later reported in his Presentence Investigation Report ("PSR") that he quit school when he was in the eleventh grade, but later obtained his GED while incarcerated [Cr. Doc. 36 at 13].

At the plea hearing, petitioner stated that he had reviewed the plea agreement with his attorney and that he understood the waiver of his appellate and post-conviction relief rights [Cr. Doc. 75 at 13-14]. The petitioner's attorney also informed the Court that he had reviewed the plea agreement with the petitioner and that he thought that the petitioner understood the waiver [Cr. Doc. 75 at 14, 22]. Petitioner also stated that he understood

that the ultimate sentence could be greater than that estimated by his attorney and that the length of his sentence could not be determined until the PSR was completed [*Id.* at 18-19, 26].

On February 26, 2007, petitioner appeared before the Court for sentencing [Cr. Doc. 74 at 1]. The Court found that petitioner had a base and adjusted offense subtotal level of 32, but that was raised to a level of 34 after a Chapter 4 enhancement for career offender status [*Id.* at 23-27]. This was recalculated to a total offense level of 31 after a three-level reduction for acceptance of responsibility [*Id.*]. The criminal history had been a IV, but it became a VI after the application of this Chapter 4 enhancement [*Id.* at 25-26]. The Court found that the sentence guideline range was 188 -235 months of prison [*Id.* at 26-27].

The Court found that the petitioner's prior conviction for escape was a crime of violence under Guideline 4B1.1 and 4B1.2 [*Id.* at 22 and 31-32]. Counsel for the petitioner argued against the prior escape conviction being considered a crime of violence in finding the career offender status; however, the Court overruled the objection [*Id.* at 6-22]. The Court also noted that petitioner had only two prior convictions because of the duration of the incarceration for his previous drug conviction; moreover, he was still on supervised release from the previous conviction when he committed the offense for which he was being sentenced [Cr. Doc. 74 at 31-32]. The Court further found that there were no grounds for a variance and that petitioner was a drug crime recidivist and a danger to the community [*Id.*]. Despite these findings, the Court sentenced petitioner to the lowest number of months available in the petitioner's sentence guideline range [*Id.* at 33-34]. The Court sentenced petitioner to 188 months, to be followed by a statutory four-year period of supervised release [*Id.*].

On July 17, 2008, petitioner filed a Notice of Appeal [Cr. Doc. 68]. The petitioner filed a *pro se* supplemental brief in which he argued that a Seventh Circuit Court of Appeals case supported his argument that the escape conviction should not have been used by the District Court as the basis for the career offender enhancement [4th Cir. Doc. 26; referring to **Chambers v. United States**, 555 U.S. 122 (2009)]. Moreover, **Chambers** had been granted certiorari by the United States Supreme Court, and petitioner requested the Fourth Circuit Court of Appeal ("Fourth Circuit") to stay its consideration of his appeal until after the United States Supreme Court had ruled on **Chambers** [*Id.*].

The judgment of the District Court was dismissed in part and affirmed in part by the Fourth Circuit in an unpublished *per curiam* opinion on May 4, 2009 [Cr. Doc. 77]. The Fourth Circuit found that, although the petitioner knowingly and voluntarily waived his right to appeal his sentence, his assertions that the plea was involuntary and that he had been denied effective assistance of counsel were exceptions to the waiver [*Id.* at 2-3]. The Fourth Circuit further held that the waiver did not preclude a direct appeal of his conviction [*Id.*]. The Fourth Circuit stated that it had jurisdiction to consider the excepted claims; however, it found that none warranted vacatur [*Id.* at 3]. Petitioner filed a petition for writ of certiorari with the United States Supreme Court on August 24, 2009, which was denied on October 24, 2009 [4th Cir. Doc. 38].

On March 9, 2010, petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Cr. Doc. 80]. In his motion, petitioner raised an ineffective assistance of counsel claim based upon his appellate counsel's failure to argue that the petitioner should not have been sentenced as a career offender [*Id.* at 4-11]. This

4

argument was based upon a then-pending United States Supreme Court case. [*See id. discussing* **Chambers**, 555 U.S. 122].

The government filed its response on April 9, 2010 [Cr. Doc. 86]. In its filing, the government noted that petitioner's sole issue in his March 9, 2010, § 2255 motion is whether his "appellate attorney was ineffective in not making the career offender finding by the District Court an issue on appeal" [*Id.* at 10].

On May 3, 2011, Magistrate Judge Kaull filed his R&R, recommending that the petitioner's motion be denied and dismissed with prejudice [Cr. Doc. 91]. The magistrate judge states that there is only one claim that falls outside the scope of the waiver of petitioner's right to file a Section 2255 habeas corpus petition, but this ineffective assistance of counsel claim is procedurally barred because it was already raised on direct appeal [Cr. Doc. 91 at 8].

**Applicable Law**

1. Procedurally Barred Claims

Issues previously rejected on direct appeal may not be raised in a collateral attack. **Boeckenhaupt v. United States,** 537 F.2d 1182, 1183 (4th Cir. 1976)(*per curiam*)(*relying on* **Herman v. United States**, 227 F.2d 332)(4th Cir. 1955).

2. Waiver

"[T]he Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement" as a way to ensure the finality of such agreements. **United States v. Lemaster**, 403 F.3d 216, 220 (4th Cir. 2005). The Fourth

5

Circuit has specifically held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." **United States v. Attar**, 38 F.3d 727, 731 (4th Cir. 1994). The determination as to whether a waiver is knowing and intelligent is fact-specific, "depend[ing] upon the particular facts and circumstances . . . , including the background, experience, and conduct of the accused." (*Id.*) (*relying on* **United States v. Davis**, 954 F.2d 182, 186 (4th Cir. 1992)).

Although a plea agreement may contain a general waiver-of-appeal-rights provision, a defendant "retains the right to obtain appellate review of his sentence on certain limited grounds." (*Id.* at 732)(*relying on* **United States v. Marin**, 961 F.2d 493, 496 (4th Cir. 1992)). For example, a defendant does not waive his "right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." (*Id.*)(*relying on* **Marin,** 961 F.2d at 496 and **Bushert**, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993)).

In **Lemaster**, the Fourth Circuit considered a waiver of the right to collaterally attack a conviction and sentence. (403 F.3d at 220-223). The Fourth Circuit noted that every circuit court of appeal has upheld such waivers if they are a knowing and voluntary waiver and applied that standard. (*Id.* at 220). The Fourth Circuit further stated that it agreed with the circuits ruling that there is "no reason to distinguish the enforceability of a wavier of direct-appeal rights from a waiver of collateral-attack rights in [a] plea agreement." (*Id.*)(*quoting* **DeRoo v. United States**, 223 F.3d 919, 923 (8th Cir. 2000)).

When reviewing an ineffective assistance of counsel claim in a case involving a

6

collateral-attack-rights waiver in the plea agreement, the first step is to determine whether the waiver is valid. **United States v. Blick**, 408 F.3d 162, 169 (4th Cir. 2005). This entails an examination of the specific waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceeding. (*Id.*).[1] If the Court finds that the waiver is valid, then only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. (**Attar**, 38 F.3d at 732).[2]

### 3. Ineffective Assistance of Counsel Claims

"The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on a having produced a just result." **Strickland v. Washington**, 466 U.S. 668, 686 (1984). The defendant must show that (1) the attorney's performance was deficient and (2) the deficient performance prejudiced the defendant [*Id.*

---

[1] ***Blick*** states the following:
The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy – specifically whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by the reference to the totality of the circumstance. Thus the determination must depend in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.
408 F.3d at 169.

[2] ***Attar*** holds that it cannot be fairly said that a defendant:
waived his right to appeal his sentence on the ground that the proceedings following entry to the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.
38 F.3d at 732.

at 687]. The standard for ineffective assistance of appellate counsel is generally the same as for trial counsel. **Bell v. Jarvis**, 236 F.3d 149, 164 (4th Cir. 2000). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." **Pruett v. Thompson**, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivilous issues on appeal." **Bell**, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." **Jones v. Barnes**, 463 U.S. 745, 752 (1983); *see also* **Smith v. South Carolina**, 882 F.2d 895, 899 (4th Cir. 1989). In fact, "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." **Bell**, 236 F.3d at 164 (*quoting* **Smith v. Murray**, 477 U.S. 527, 536 (1986)) (quotations omitted). Although it is "still possible to bring a **Strickland** claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. **Smith v. Robbins**, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." **Gray v. Greer**, 800 F.2d 644, 646 (7th Cir. 1986).

## Discussion

Petitioner filed his objections to the magistrate judge's R&R on May 20, 2011 [Cr. Doc. 91]. In his objections, petitioner objects to the recommendation by the magistrate judge that the Court deny the defendant's motion and dismiss it from the docket [Cr. Doc. 93].

8

Petitioner's Objections

The petitioner lists two objections in his filing [Cr. Doc. 93]. First, he objects to the magistrate judge's determination that the petitioner's claim is procedurally barred, stating that the claim of actual innocence as to his career criminal status defeats this issue [Cr. Doc. 93 at 1-5]. Second, he reiterates his argument that the "[imposed] sentence 'exceeds' the guidelines range," alleging that the career offender enhancement was illegal [*Id.* at 5-6].

1. Petitioner Argues that a Claim of "Actual Innocence"
is Not Procedurally Barred

In his § 2255 motion, Petitioner raised an ineffective assistance of counsel claim based upon counsel's failure to raise **Chambers** on appeal [Cr. Doc. 80 at 4]. In its response to petitioner's § 2255 motion, the government notes that **Chambers** was not ruled on by the United States Supreme Court until January 13, 2009; therefore, the sentencing was decided under the accurate Fourth Circuit law applicable at the time of the sentencing [Cr. Doc. 86 at 12]. As such, the government argues that petitioner cannot "reasonably claim that his appellate counsel was deficient for not pursuing what was . . . a futile issue in the Fourth [Circuit] . . ." [*Id.*]. The government relies upon a Fourth Circuit case to support this argument [*Id.* at 16, *relying upon* **Kornahrens v. Evatt**, 66 F.3d 1350, 1360 (4th Cir. 1995)]. Under **Kornahrens**, an "attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law" [66 F. 3d at 1360, *relying upon* **Honeycutt v. Mahoney**, 698 F.2d 213, 217 (4th Cir. 1983)]. Where there is clear precedent and an attorney follows a long-standing and well-settled rule of law, the attorney's performance is not constitutionally deficient, "even when that rule was under

attack in the United States Supreme Court at the time of [the attorney's performance]" [*Id.*].

In his R&R, Magistrate Judge Kaull states that the Court should evaluate the merits of petitioner's claim only after it has determined that the issue is not procedurally barred. An issue is procedurally barred from being raised in a collateral attack if it was "previously rejected on direct appeal . . ." [Cr. Doc. 91 at 13, *citing* **Boeckenhaupt**, 573 F.2d at 1183]. Magistrate Judge Kaull found that the petitioner's claim under **Chambers** was procedurally barred because it was raised on appeal by the petitioner [Cr. Doc. 91 at 13]. The magistrate judge stated that the issue was procedurally barred because the petitioner raised it on appeal to the Fourth Circuit in his *pro se* supplemental brief [*Id.* at 13-14]. Magistrate Judge Kaull noted that, even if counsel's performance were found to be constitutionally deficient, the Fourth Circuit was still presented with the argument in petitioner's *pro se* supplemental brief [*Id.* at 14]. As such, petitioner was never denied the opportunity to present this argument to the Fourth Circuit [*Id.*].

Under his first objection to the R&R, petitioner contends that "a claim of 'actual innocence' is not procedurally barred or barred from review under the waiver provision in a plea agreement" [Cr. Doc. 93 at 2]. He moves to extend this doctrine to the concept that he is "actually innocent of being a career offender" [*Id.*]. The petitioner alleges that maintaining his current sentence would result in a "complete miscarriage of justice." [*Id.* at 3; *quoting* **Engle v. Issac**, 456 U.S. 107, 135 (1982)]. The petitioner's actual innocence claim under his first objection is based upon the premise that his "walk-away" escape from a federal prison camp was not a violent crime [*Id.*, *relying on* **Chambers v. United States**, 555 U.S. 122 (2009)]. In **Chambers**, the United States Supreme Court held that a "failure

10

to report" for penal confinement is not a "violent felony" under the Armed Career Criminal Act. [555 U.S. at 123]. The court specifically stated that "[t]he behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." [*Id.* at 127].

However, petitioner's argument is premised on the one issue raised in his § 2255 motion: the ineffective assistance of his appellate counsel based upon the attorney's failure to raise **Chambers** on appeal [Cr. Doc. 80 at 4]. Magistrate Judge Kaull found that the ineffective assistance of counsel claim is procedurally barred; this Court agrees with the magistrate judge's finding.

Upon a careful consideration of the record, the Court finds that the petitioner has failed to demonstrate that his claim is not procedurally barred. Issues previously rejected on direct appeal may not be raised in a collateral attack. **Boeckenhaupt,** 537 F.2d at 1183. On May 24, 2009, the Fourth Circuit issued an unpublished decision in which it dismissed in part and affirmed in part the judgment of the District Court [Cr. Doc. 77]. Although petitioner's appellate attorney did not raise **Chambers** on appeal, the issue was raised by petitioner in his *pro se* supplemental brief [4th Cir. Doc. 26]. As such, the Fourth Circuit considered and rejected this issue when it issued its May 4, 2009, opinion; in addition, the United States Supreme Court rejected this issue when it denied petitioner's writ for certiorari. Therefore, this Court finds that the petitioner's ineffective assistance of counsel claim is procedurally barred and hereby **OVERRULES** the petitioner's objection.

## 2. Petitioner Argues that his Sentence Exceeds the Guidelines Because He Should Not be Considered a Career Criminal

Related to his claim that he should not be considered a career criminal, petitioner contends that his sentence exceeds the guidelines range because he should not have been adjusted to a category of VI on the career criminal basis. In support of his § motion, the petitioner attempts to prove prejudice to himself by stating that, if his attorney had "briefed the *Chambers* issue, it is more than likely that the [outcome] of his case would have been different . . ." [Cr. Doc. 80-1 at 5]. He further states that it is "more than a probability that the Supreme Court would have remanded his case back to the Fourth Circuit Court of Appeals for reconsideration in light of *Chambers* as many, many case[s] were being remanded back at that time, and are still being remanded." [*Id.*]. Petitioner argues that most of the cases that have been remanded contained a petition filed by an attorney, rather than one filed by the petitioner *pro se* [*Id.*]. The petitioner states that several circuit courts have ruled that a conviction for walk-away escapes and failing to return do not as a "categorical matter amount to crimes that present the risk of physical injury, or purposeful violent and aggressive conduct, that is listed by statute or in the Sentencing Guidelines" [*Id.*].

Upon a careful consideration of the record, the Court finds that the petitioner has failed to demonstrate that his claim is not procedurally barred. This objection by the petitioner is connected to his ineffective of assistance of appellate counsel claim that has been previously discussed in this order. The petitioner attempts to demonstrate the second prong of the *Strickland* test under this objection by showing that he was prejudiced by relying on a *pro se* brief, rather than one written by an attorney. Because the ineffective

12

assistance of counsel claim is procedurally barred, this Court finds that it does not need to address the merits of petitioner's claims under his objections. See **Boeckenhaupt**, 537 F.2d at 1183. As such, the Court reiterates its conclusion that the ineffective assistance of counsel claim is procedurally barred and hereby **OVERRULES** the petitioner's objection.

## Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Cr. Doc. 91]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Cr. Doc. 93]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Cr. Doc. 80]** is hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** October 18, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE